## Smith v. Smith

*Jan M. Wiley* and *Donald G. Oyler*, for plaintiff.

*Oscar F. Spicer*, for respondent.

MACPHAIL, P. J., January 27, 1967.—In this case, plaintiff seeks a divorce on the grounds of indignities. The complaint alleges that defendant is a minor and that he was confined, at the time the complaint was executed, at White Hill Industrial School, Camp Hill, Pa.

Pursuant to an appropriate motion, a member of the local bar was appointed as guardian ad litem to represent the interest of defendant, and a writ of habeas corpus ad testificandum was issued to permit defendant to appear and testify at the hearing before the master.

Attached to the record of the proceedings is a copy of the notice of the master's hearing fixing October 4, 1966, at 10:00 a. m., as the time of the hearing. The copy of the notice attached to the record is undated, but it does specify that on the same date, notice of the hearing was given to the attorney for plaintiff and to the guardian ad litem for defendant. Attached to the copy of notice of master's hearing is a sheriff's return showing personal service of the notice upon defendant on September 29, 1966, at White Hill Industrial School. The time between the service of the notice and the time fixed for hearing is less than the 10 days required under Local Rule of Court 128. The record shows, however, that on October 4, 1966, at the time fixed for hearing in the notice, both plaintiff and defendant appeared, as did the guardian ad litem for defendant. Since both parties and the guardian ad litem were present at the hearing, and no objection to the notice was raised, the defect (if any) was waived: 3 Freedman: Law of Marriage and Divorce in Pennsylvania, §637, Troeger v. Troeger, 69 Pitts. L. J. 208 (1920).

During the course of the testimony, plaintiff testified that her husband was born August 4, 1945, which fact, if correct, would make defendant 21 years of age at the time of the hearing. At the conclusion of plaintiff's testimony, this colloquy occurred between the master, the guardian and defendant:

"MR. SPICER: I would like to move to amend the records deleting the name of Oscar F. Spicer as Guardian ad litem and to withdraw and to be relieved of all costs in this action as Guardian ad litem for the reason that the Defendant has now attained his majority and is twenty-one years of age and is perfectly capable of looking after his own interests.

"MR. PYLE: The Guardian ad litem who was appointed to defend you in this action has withdrawn from the case because testimony has indicated that you

are now twenty-one. You are satisfied with that procedure?

"MR. SMITH: Yes.

"MR. PYLE: You are satisfied for the hearing to proceed without you having an attorney?

"MR. SMITH: Yes".

The problem presented here is whether or not the guardian ad litem could withdraw with the consent of the master and the person for whom he was appointed, but without complying with the provisions of Pennsylvania Rule of Civil Procedure 2037. It is true that when a minor becomes an adult, the need to protect the minor's interest is no longer present. However, here this fact was not discovered until the hearing was well under way, and the request for withdrawal was not made until after the guardian had interposed several valid objections to plaintiff's testimony. In view of the fact that defendant could well have been misled by what transpired at the hearing, we feel that the wisdom and propriety of the procedure followed is questionable and that the provisions of rule 2037 should have been followed. We note that subsection (b) of rule 2037 provides that when the record has been amended to remove the name of the guardian, the guardian shall then be relieved of all liability for costs. Presumably, unless some action is taken to amend the record in that regard, the guardian ad litem remains liable for costs. Accordingly, we rule that the record in this case should be amended in accordance with the provisions of rule 2037.

Another problem arises with the record in this case. At no point in the testimony does it appear that defendant was given the opportunity to crossexamine plaintiff or her witness. At the conclusion of plaintiff's case, the master did ask defendant if he wished to testify, and defendant replied in the negative. While this may be an indication that defendant had no inter-

est in crossexamining plaintiff and her witness, we certainly have no right to assume that this is the case.

Since it is possible that both of the defects in this case may be cured by further proceedings, we will refer the matter back to the master.

And now, January 27, 1967, for the reasons given, the above divorce is referred back to the master for further proceedings consistent with the foregoing opinion.